# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DONALD J. TRUMP,<br><br>                          Plaintiff,<br><br>- against -<br><br>CYRUS R. VANCE, JR., in his official capacity as District Attorney of the County of New York;<br><br>and<br><br>MAZARS USA, LLP,<br><br>                          Defendants. | Case No. 1:19-cv-08694 (VM)<br><br>**VIA ECF**<br><br><br>**DECLARATION OF SOLOMON SHINEROCK** |

Solomon Shinerock, an attorney admitted to practice before this Court, declares that:

1.     I am an Assistant District Attorney in the office of Cyrus R. Vance, Jr., District Attorney of the County of New York (the "Office"). I am one of the assistants assigned to the investigation from which the captioned case arises. Consistent with its investigative function, the Office obtains records received in response to Grand Jury subpoenas, and accords them the highest level of confidentiality available under applicable laws governing Grand Jury secrecy.

2.     I submit this declaration and the accompanying memorandum of law in support of the Office's motion to dismiss the Complaint filed on September 19, 2019, and in opposition to the Plaintiff's motion for a temporary restraining order and a preliminary injunction, also filed on September 19, 2019.

3.     I respectfully submit that the Plaintiff is not entitled to the relief he seeks, and request that the Court deny his motion in all respects and dismiss the Complaint.

4.     I assert as true the facts set forth below and in the accompanying memorandum of law based on information and belief, the sources of which are a review of documents within the files of the District Attorney's Office, conversations with knowledgeable individuals, including defense counsel, and other sources as noted herein.

**A. The Grand Jury Investigation targets New York conduct and has yet to conclude as to specific charges or defendants.**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

**B. Compliance with the relevant Grand Jury subpoenas began without objection.**

9.     On August 1, 2019, the Trump Organization, LLC, was served with a Grand Jury subpoena (the "Trump Organization Subpoena"). It called for a range of records and communications from multiple individuals and entities relating to the so-called "hush money" payments to Stephanie Clifford and Karen McDougal, how those payments were reflected in the Trump Organization's books and records, and who was involved in determining how those payments would be reflected in the Trump Organization's books and records. On August 7, 2019, this Office spoke with counsel for the Trump Organization to discuss priorities and establish a production schedule, and conveyed that we believed that the subpoena called for tax records for the year 2017 (which is when at least some of the "hush money" payments were recorded on the Trump Organization's books). The Trump Organization produced records on August 15 and 29, and again on September 13, 2019. To date, the Trump Organization has produced 3376 responsive pages, but no tax records.

10.    Despite a number of follow-up requests for tax returns, no specific objection was raised until a September 4, 2019 phone call, in which the Trump Organization's counsel expressed for the first time the belief that production of the tax records implicated constitutional issues. In a follow-up email of September 9, 2019, counsel expressed the belief that no tax records were responsive to the

subpoena. A true and accurate copy of the email communications described above is attached as Exhibit 1.

11.   No party has objected to the Trump Organization Subpoena or challenged the Office's requests thereunder beyond the Trump Organization's assertion that the Trump Organization Subpoena does not call for tax records.

12.   On August 29, 2019, Mazars USA LLP was lawfully served with the Grand Jury subpoena that is the basis for the present suit (the "Mazars Subpoena"). The Mazars Subpoena was drafted and served days before the Trump Organization's objections to producing tax returns. It sought the same financial records that Mazars had already been called on to produce in response to third party requests, and in addition called for tax records for the years 2011 through the present. The Office spoke with counsel for Mazars in a series of phone calls to establish an agreed-upon production schedule beginning on, and extending past, the September 19, 2019 return date. Mazars did not raise any of its own objections to the subpoena.

### C. The Trump Organization's request that the Office suspend the Mazars Subpoena lacked merit and foundered on the issue of taxes.

13.   As of September 13, 2019, the Office had not been made aware of any intent to intervene and quash the Mazars Subpoena, and sent separate emails to counsel for the Trump Organization and for Mazars, stating that we deemed the Mazars Subpoena valid and returnable on September 19, 2019, absent a specific agreement or contrary court order.

14.   On September 17, 2019, counsel for the Trump Organization met with the Office and asked for a suspension of compliance with the Mazars Subpoena pending further negotiation or litigation. Counsel articulated no legal objection to the Mazars Subpoena, and made clear that even if we negotiated a limited production, its clients would never agree to the production of tax records. The Office declined.

15.    On September 18, 2019, the Trump Organization again met with the Office and requested a suspension of tax-related portion of the Mazars Subpoena for several days to allow counsel time to prepare briefs to challenge the subpoena.  In response, the Office agreed to delay enforcement of the Mazars Subpoena until September 23, 2019 as it pertained to tax records, to allow the attorneys additional time to prepare their objections.  True and accurate copies of three letters memorializing these discussions are attached as Exhibits 2, 3, and 4.

16.    On September 19, 2019, attorneys for the Trump Organization sent the Office copies of the Plaintiff's filings in this case.

**D. Prior and continuing investigations have not threatened irreparable harm, and the Plaintiff never objected to them on the grounds he raises in the present suit.**

17.    Public reporting has covered a number of prior and continuing investigations and prosecutions involving the Plaintiff, his associates, and related entities.  Those matters have not caused irreparable harm, nor has the Plaintiff claimed that they invaded the rights he seeks to vindicate here.  This is so despite that, as reported, they were marked by the robust exercise of grand jury and other investigative powers, and involved grave conduct:

   a. Special Counsel Robert Mueller oversaw an approximately two-year investigation addressing (1) whether the Plaintiff, his presidential campaign, or his associates were involved in unlawful efforts by Russia to interfere with the 2016 election, and (2) whether the Plaintiff, while President, was implicated in obstructing justice.  According to public reporting, the Special Counsel's investigation involved among other things over 2,800 subpoenas, nearly 500 search warrants, and approximately 500 witnesses.  It resulted in the indictment of thirty-four individuals, including foreign nationals and individuals associated with the Plaintiff and the Plaintiff's presidential campaign, on charges including

conspiracy to defraud the United States and lying to federal law enforcement officers about contacts with foreign governments.

b.  Federal prosecutors in multiple districts have investigated the origins of financing for Plaintiff's inauguration committee, how the money was spent, and whether any donations to the committee resulted in favors or special access.

c.  The New York Department of Financial Services has issued at least one subpoena seeking records and communications related to a non-criminal investigation into allegations that the Trump Organization and its officers engaged in insurance fraud.

d.  The New York Attorney General's Office has issued at least one subpoena seeking records and communications related to a currently non-criminal investigation into allegations that the Trump Organization and its officers engaged in bank fraud.

e.  Federal prosecutors obtained the conviction of Michael D. Cohen for tax fraud, false statements, and campaign finance violations, committed during the period that Mr. Cohen was counsel to the Plaintiff. The charge against Cohen also referred to an "Individual One." In testimony before Congress on February 27, 2019, Cohen testified under oath that "Individual One was in fact President Donald J. Trump."

f.  Federal prosecutors reached a non-prosecution agreement with American Media, Inc., related to an investigation into the lawfulness of "hush money" payments made in consultation with and for the benefit of the Plaintiff. These payments were made in order to prevent allegations that he had an extra-marital affair from airing in the run-up to the 2016 election.

WHEREFORE, I respectfully request that the Court deny Plaintiff's motion for a temporary restraining order and a preliminary injunction, and dismiss the Complaint.

I declare under penalty of perjury and pursuant to 28 United States Code section 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:       New York, New York
              September 23, 2019

Respectfully submitted,

*s/ Solomon Benjamin Shinerock*
Solomon Benjamin Shinerock
Bar Number: SS5855
Assistant District Attorney
New York County District Attorney's Office
80 Centre Street
New York, New York 10013
shinerocks@dany.nyc.gov
212-335-9567