# EXHIBIT 2

# MUKASEY
# FRENCHMAN & SKLAROFF LLP

2 Grand Central Tower
140 East 45th Street, Suite 17A
New York, NY 10017

Marc L. Mukasey
Partner
212-466-6406
Marc.mukasey@mfsllp.com

September 18, 2019

**VIA EMAIL AND OVERNIGHT MAIL**
Christopher Conroy (CONROYC@dany.nyc.gov )
Chief, Major Economic Crimes Bureau
District Attorney's Office, New York County
One Hogan Place
New York, NY 10013

Re:   **Grand Jury Subpoena Duces Tecum to Mazars USA LLP**

Dear Mr. Conroy:

This letter addresses the issues discussed in today's meeting and our follow-up phone call.

As you know, we represent President Donald J. Trump and the Trump Organization in connection with a grand jury subpoena issued to Mazars USA LLP ("Mazars"). Mazars is the outside accountant to President Trump and the Trump Organization and, thus, is merely a custodian of the records sought by the subpoena. Our clients are the true parties-in-interest. We write to request, as we did at the meeting, that you temporarily suspend enforcement of the subpoena to allow for the proper and orderly resolution of the important constitutional issues raised therein. We submit that such a procedure best promotes the interests of fairness and justice—as well as respect for the Office of the President. **We are asking for a written statement from your office by 1pm on September 18, 2019, that you are willing to suspend enforcement of the Mazars subpoena pending further negotiation and/or litigation.**

By way of background, on August 1, 2019, your office issued a grand jury subpoena to the Trump Organization in connection with a certain investigation. Upon receipt of the subpoena, the Trump Organization immediately expressed its willingness to cooperate with your office and it has done so. The Trump Organization has produced hundreds of documents in response to the subpoena—including many that you identified as priority items—and additional responsive documents are being gathered, reviewed, and prepared for production. Notably, the subpoena does not call for the Trump Organization's tax returns. But when you nevertheless indicated otherwise, we agreed to meet and discuss the issue. In the meantime, the Trump Organization has maintained an open line of communication with your office, adhered to deadlines, and conducted itself in a cordial and amicable manner.

Two weeks ago, you issued a grand jury subpoena to Mazars in connection with the same investigation. That subpoena calls for Mazars to produce, among other things, many years of President Trump's personal tax returns and those of the Trump Organization. The subpoena is returnable on September 19, 2019, and, thus far, you have refused to grant Mazars an extension of time to produce the requested documents.

The issues raised by the Mazars subpoena are important and unprecedented. They raise serious constitutional issues that should be properly resolved in court. Efforts to obtain the President's tax returns are the subject of litigation in the United States Court of Appeals for the Second Circuit, the United States

Christopher Conroy
September 18, 2019
Page 2

Court of Appeals for the District of Columbia Circuit, and the United States District Court for the District of Columbia. The issues at stake are simply too significant to place Mazars in the untenable position of producing the President's tax returns on September 19th or being held in contempt.

Resolution of this matter of first impression will set the course for future occupants of the Oval Office. It should be handled prudently. That is why the House Oversight Committee agreed to suspend enforcement of its subpoena to Mazars so the constitutional dispute could be litigated in an orderly fashion without burdening courts with requests for emergency relief. It would be deeply troubling if your office is unwilling to do the same here.

We respectfully request that you approach this matter with the same rectitude and courtesy Congress did when it issued subpoenas for the President's records to Mazars, Capital One, and Deutsche Bank: suspend enforcement of the subpoena to Mazars so the President of the United States can be heard in court. No prejudice will accrue to your office - your investigation appears to be historical, there is no danger of spoliation, and there is no urgency to the matter.

Finally, your blanket refusal to grant a brief extension to Mazars is inconsistent with how state and federal investigations typically proceed. The undersigned counsel has vast experience in these matters and we, collectively, do not recall an instance where at least one brief adjournment was not granted while the parties explored their legal and negotiation options. Ignoring these normal practices smacks of selective enforcement against the President.

Thank you again for meeting and for arranging a meeting with the District Attorney. We look forward to hearing from you in writing by 1pm on September 18th, and to working with you on this matter in a professional, orderly fashion.

Very truly yours,

Marc L. Mukasey
Founding Partner
Mukasey Frenchman & Sklaroff LLP
140 East 45th Street
New York, New York 10017

William S. Consavoy
Consavoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA. 22209

Alan S. Futerfas
565 Fifth Avenue
New York, New York 10017

cc: Cyrus R. Vance Jr., District Attorney
    ADA Solomon Shinerock