

Consovoy McCarthy PLLC

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

October 4, 2019

**BY HAND**
Judge Victor Marrero
U.S. District Court Judge
Southern District of New York
500 Pearl Street, New York, NY

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/19
```

Re:  *Trump v. Vance*, No. 1:19-cv-8694

Dear Judge Marrero:

As of this morning, this Court has not ruled on the President's pending motion, which invokes the President's constitutional immunity from state criminal subpoenas and requests an administrative stay, a temporary restraining order, a preliminary injunction, or a stay pending appeal. *See* Docs. 10-1, 22. At the same time, the District Attorney has refused to stay his subpoena to Mazars beyond "1:00 p.m. on Monday, October 7, 2019." Doc. 28 at 1. That deadline is now one business day away. If, by then, the President has not secured interim relief, his confidential financial documents will be delivered to the District Attorney and exposed to the grand jury.

The President recognizes that this Court is diligently working to decide his motion under immense time pressure. That time pressure, of course, is entirely artificial; the District Attorney created it by refusing to stay his subpoena until this Court and the Second Circuit can issue a decision—a basic professional courtesy that three separate committees of the U.S. House gave the President in similar cases. *See* Doc. 10-1 at 2. The Court can solve the problem the District Attorney has created by granting the President's (and the Justice Department's) request for interim relief and establishing an expedited briefing schedule on the motion for a preliminary injunction, the motion to dismiss, or both. That interim relief, moreover, can be an administrative stay, which would give the Court all the time it needs to consider these important issues without expressing a view on the merits. *See* 28 U.S.C. §1651(a); *Cobell v. Norton*, 2004 WL 603456, at *1 (D.C. Cir. Mar. 24, 2004).

In all events, the President needs a ruling (even in the form of a minute order) from this Court by **9:00 a.m. on Monday, October 7, 2019**. If the Court grants or denies the President's request for interim relief (or otherwise adjudicates the dispute between the parties) after Monday, then Mazars will have already disclosed his confidential information to the District Attorney and the grand jury. Even if the Court denies the President's request for interim relief on Monday, but after 9 a.m., the President will not have enough time to seek relief from the Second Circuit before Mazars discloses his confidential information. Either way, the President will suffer irreparable harm. *See Maness v. Meyers*, 419 U.S. 449, 460 (1975) ("Compliance could cause irreparable injury because appellate courts cannot always 'unring the bell' once the information has been released. Subsequent appellate vindication does not necessarily … totally repair[] the error."); *Becker v. United States*, 451 U.S. 1306, 1311 (1981) (Rehnquist, J., in chambers) ("Much of the harm applicants contend will result from turning their videotapes over to the IRS will not be remediable if a stay is denied here and applicants eventually prevail.").

Thus, if this Court has not yet acted on the President's request for interim relief (or otherwise adjudicated the dispute between the parties) by 9:00 a.m. on Monday, the President will have no choice

but to construe the Court's inaction as a denial and to appeal to the Second Circuit. *See Dist. of Columbia v. Trump*, 930 F.3d 209, 213 (4th Cir. 2019) (the President can immediately appeal the "effective denial" of absolute immunity); Wright & Miller, *Federal Practice & Procedure*, § 2962 ("When a court declines to make a formal ruling on a motion for a preliminary injunction, but its action has the effect of denying the requested relief, its refusal to issue a specific order will be treated as equivalent to the denial of a preliminary injunction and will be appealable."); *e.g., Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992). In sum, inaction here—no less than an explicit rejection—will have the "practical effect" of denying the President's request for injunctive relief preserving the status quo. *Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018).

For these reasons, the President respectfully asks that the Court act on his request for interim relief by **9:00 a.m. on Monday, October 7, 2019**.

Sincerely,

William S. Consovoy
*Counsel for Plaintiff President Donald J. Trump*

cc: Solomon Shinerock
Jerry Bernstein
Joshua Gardner

> With the filing of the letter above in the public docket of this action, the Court has closed the record of this proceeding. The parties are directed to refrain from making any further submissions. Any other papers filed will not be considered.
>
> SO ORDERED.
>
> DATE 10-4-19, VICTOR MARRERO, U.S.D.J.



1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

October 4, 2019

**BY FAX**
Judge Victor Marrero
U.S. District Court Judge
Southern District of New York
500 Pearl Street, New York, NY

Re: *Trump v. Vance*, No. 1:19-cv-8694

Dear Judge Marrero:

Attached is a copy of a letter that was hand delivered to the Court at 8:45 this morning. Because it addresses time-sensitive matters, I am faxing a copy as well. All counsel of record received a copy of the letter by email this morning.

Sincerely,

William S. Consovoy
*Counsel for Plaintiff President Donald J. Trump*

cc: Solomon Shinerock
Jerry Bernstein
Joshua Gardner