

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

August 10, 2020

**VIA ECF**
Hon. Victor Marrero
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Trump v. Vance*, No. 1:19-cv-08694 (VM)

Dear Judge Marrero:

Plaintiff Donald J. Trump respectfully requests a pre-motion conference on his forthcoming motion for discovery pursuant to Federal Rule of Civil Procedure 56(d). The District Attorney improperly relies on extrinsic evidence in support of his motion to dismiss for failure to state a claim. Hence, the Court "must either 'exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Federal Rule of Civil Procedure 56 and afford all parties the opportunity to present supporting material.'" *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). As explained in the President's opposition, the Shinerock declaration and the newspaper articles should be excluded.

But should the Court instead elect to consider this evidence, then it must "convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). The next step would thus be to allow the President to take discovery. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "[P]re-discovery motions for summary judgment are disfavored in this Circuit." *Spanski Enterprises, Inc. v. Telewizja Polska S.A.*, 2019 WL 6498257, at *7 (S.D.N.Y. 2019). "Only in the rarest of cases may summary judgment be granted against a party who has not been afforded the opportunity to conduct discovery. This is because the nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." *Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 83 (2d Cir. 2018) (cleaned up). Rule 56(d)—formerly Rule 56(f)—"'is a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality.'" *Holmes v. Lorch*, 329 F. Supp. 2d 516, 529 (S.D.N.Y. 2004) (citation and quotation omitted).

In this setting, however, that strong preference for allowing discovery becomes mandatory. "When presented with material outside of the pleadings pursuant to a Rule 12(b)(6) motion to dismiss, the district court *must* either disregard such material or give the parties notice that the motion is being converted to one for summary judgment and permit the parties to submit evidence accordingly." *Kopec v. Coughlin*, 922 F.2d 152, 155-56 (2d Cir. 1991) (emphasis added). It would be "reversible error" for a district court to convert the motion and then immediately grant summary judgment without giving the plaintiff "notice and an opportunity to respond to [the extrinsic] evidence." *Id.* at 154. Rule 12(b) does not give "the district court the authority to consider matters outside the pleadings and summarily to designate them 'uncontroverted.'" *Id.* at 155. If the Court chooses to consider the District Attorney's extrinsic evidence, then the President must be given "an opportunity to controvert those submissions." *Id.*; *see also Rocket Learning, Inc. v. Rivera-Sanchez*, 851 F. Supp. 2d 384, 391 (D. Puerto Rico 2012) ("[I]f evidence presented at a preliminary injunction hearing is to be relied on in deciding a motion to dismiss, the court must convert such motions into ones for summary judgment.").

Forbidding discovery here would be especially inappropriate. The District Attorney refuses to disclose to the President the nature of the grand jury investigation and has offered shifting reasons for why he copied a congressional subpoena. As explained in his opposition to the motion to dismiss, the President has plausibly alleged that the Mazars subpoena is overbroad and was issued in bad faith. But he'll need to develop a record on the other side of the pleadings stage. In the main, it is unreasonable to think that "a challenging party who does not know the general subject matter of the grand jury's investigation, no matter how valid that party's claim, will be able to make the necessary showing" to defeat enforcement. *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 301 (1991). "After all, a subpoena recipient 'cannot put his whole life before the court in order to show that there is no crime to be investigated.'" *Id.* It is thus "reasonable that the Government be required to make some preliminary showing by affidavit that each item is at least relevant to an investigation being conducted by the grand jury and properly within its jurisdiction, and is not sought primarily for another purpose." *In re Grand Jury Proceedings*, 486 F.2d 85, 93 (3d Cir. 1973); *see In re Seiffert*, 446 F. Supp. 1153, 1155 n.5 (N.D.N.Y. 1978) ("The fairest and least intrusive approach would seem to be to require that the Government, in any case wherein a grand jury subpoena is challenged by a party with proper standing, state on the record that there is an investigation being conducted by the grand jury, indicate in general terms the nature of the investigation, and demonstrate that the records sought bear some relation to that investigation."). That should be no less true in this case.

If anything, the President should be afforded even broader discovery rights. Protection against overbroad and bad-faith subpoenas, "as the district attorney himself puts it, 'apply with special force to a President, in light of the office's unique position as the head of the Executive Branch.'" *Trump v. Vance*, 140 S. Ct. 2412, 2428 (2020) (quoting Brief for Respondent Vance 43). "The high respect that is owed to the office of the Chief Executive should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Id.* at 2430 (cleaned up) (quoting *Clinton v. Jones*, 520 U.S. 681, 707 (1997)). Consequently, "lower courts in cases of this sort involving a President will almost invariably have to begin by delving into why the State wants the information; why and how much the State needs the information, including whether the State could obtain the information elsewhere; and whether compliance with the subpoena would unduly burden or interfere with a President's official duties." *Id.* at 2433 (Kavanaugh, J., concurring in the judgment); *accord Trump v. Deutsche Bank AG*, 943 F.3d 627, 682 (2d Cir. 2019) (Livingston, J., concurring in part and dissenting in part), *vacated by Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020).

Regardless, the President easily clears the low hurdle for Rule 56(d) discovery. As the Second Circuit has explained, "when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Commercial Cleaning Servs. v. Colin Serv. Sys.*, 271 F.3d 374, 386 (2d Cir. 2001). "The affidavit required by [Rule 56(d)] must state '(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 312 (S.D.N.Y 2009). This is not a burdensome standard. The plaintiff need only show "'that the material sought is germane to the defense, and that it is neither cumulative nor speculative.'" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994). As the D.C. Circuit put it: Rule 56(d) motions "requesting time for additional discovery should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012). This case should be no exception.

*First*, discovery into the redacted portions of the Shinerock declaration is plainly germane to whether the subpoena is overbroad or issued in bad faith. According to the District Attorney himself, an "overview of the scope and foundation of the investigation is further detailed in the redacted portions of the Shinerock Declaration." Brief in Opposition, *Trump v. Vance*, No. 19-635 (S. Ct. filed Nov. 21, 2019) at 2 n.1. Interrogatories will likewise provide significant insight into the factual basis and reasons for issuing the subpoena. The District Attorney has offered shifting reasons for why he copied a congressional subpoena. Interrogatories are an appropriate means of pinning down why he took this questionable step. Interrogatories can confirm, moreover, whether the articles upon which the District Attorney relies are pertinent to this investigation or are instead pretextually being used to forestall inquiry into whether this subpoena is valid. In other words, are the articles the predicate for (otherwise relate to) the investigation or not? This question also can easily be answered via interrogatories. In sum, this discovery all goes to the "heart of [the District Attorney's] summary judgment motion." *Campbell v. Chadbourne & Parke LLP*, 2017 WL 2589389, at *2 (S.D.N.Y. 2017).

*Second*, the discovery being sought is neither cumulative nor speculative. It is not cumulative since the President has been given *no* opportunity to propound discovery to this point—let alone develop a record in response to this motion. Nor will the discovery be speculative. The District Attorney has acknowledged that the declaration includes relevant information. And interrogatories, which are useful in "obtaining details on matters concerning which the allegations of the pleadings are general in character," will yield concrete answers about the nature, scope, and reasons for issuing this subpoena in this form. Charles A. Wright *et al.*, *Federal Practice and Procedure* §92 (2d ed. 2019). Unlike the Mazars subpoena, then, the discovery the President seeks will be no fishing expedition.

*Third*, and last, the President has diligently sought to obtain this information from the outset. That there has been no discovery should end any inquiry into diligence. But it is notable that attorneys for the President immediately opened a dialogue with the District Attorney upon receiving a subpoena and thereby learning of the investigation. Among other things, they inquired as to why the District Attorney sought the President's tax returns. The response to that reasonable inquiry was escalation. But even after the Mazars subpoena was issued, attorneys for the President contacted the District Attorney to engage in good-faith negotiations concerning the subpoena in effort to cooperate with the investigation. Again, the District Attorney refused to engage in any meaningful discussion about the investigation, justify the subpoena's scope and breadth, or narrow the subpoena. Because there can thus be no argument that he has "been dilatory in seeking discovery," the President should be given "reasonable access to potentially favorable information." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).[*]

Respectfully submitted,

*/s/ Williams S. Consovoy*
William S. Consovoy

---

[*] Any further issues concerning discovery can be resolved through a meet-and-confer process and, if necessary, motions practice. To be sure, there are likely to be disputes over the appropriate scope of discovery and whether in-camera review is justified. But these issues bear only on *how* discovery should be conducted under Rule 56(d)—not *whether* it should be conducted. Regardless, the President should be presumptively entitled to see the redacted portion of the Shinerock declaration. *See In re Grand Jury Proceedings*, 486 F.2d at 93 (holding that "unless extraordinary circumstances appear, the nature of which we cannot anticipate, the Government's supporting affidavit should be disclosed to the witness in the enforcement proceeding"). The District Attorney also may object to specific interrogatories at the appropriate juncture. But there is no basis to preemptively forbid them or to allow the District Attorney to make an omnibus objection before there has even been any discovery. *See United States v. Stein*, 488 F. Supp. 2d 350, 367-68 (S.D.N.Y. 2007).