**DISTRICT ATTORNEY**
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

August 14, 2020

**BY ECF**
The Honorable Victor Marrero
U.S. District Court Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

        Re: Donald J. Trump v. Cyrus R. Vance, Jr.
           Case No. 1:19-cv-08694 (VM)

Dear Judge Marrero:

  The Office of Cyrus R. Vance, Jr., District Attorney of New York County (the "Office"), a defendant in this matter, writes to supplement its August 11, 2020 letter in opposition to Plaintiff's August 10, 2020 request for a pre-motion conference on a proposed motion for discovery pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. 67) ("August 10 Letter"). Plaintiff consents to the filing of this supplemental letter.

  Plaintiff's proposed motion is speculative and premature, as the Office's pending motion to dismiss has not, of course, been converted to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Moreover, for the reasons explained in the Office's briefs, there is neither a need nor a basis to convert the pending motion to dismiss to a motion for summary judgment. Plaintiff's Second Amended Complaint contains no well-pleaded allegations supporting his position that the Mazars Subpoena is overbroad or was issued in bad faith. *See* Reply at 3-9. In addition, the Court may properly consider the public-record statements cited in the Office's opening brief (Dkt. 63 at 17 & n. 7), which, if necessary and regardless of the truth of the matters asserted therein, confirm that Plaintiff lacks any factual basis to support his proposed inferences. *See* Reply at 7-9. As such, there is no basis for discovery here.

  Equally important, Plaintiff's arguments about discovery ignore the long-established law and process that apply in a grand jury proceeding. He again complains that this Office has never informed him or the public about the full scope of the grand jury's investigation, or otherwise explained the basis for the requests in the Mazars Subpoena. Opposition Brief (Dkt. 66) ("Opp. Br.") at 11. He then asserts that he, and not our Office, is in the best position to describe the grand jury's non-public intentions, and goes on to now demand civil discovery to test his speculation that the grand jury's focus is indeed as limited as he believes it to be.

This, of course, is not how a grand jury functions. A subpoena recipient is not entitled to discovery in a separate, civil lawsuit. *See United States v. R. Enters., Inc.*, 498 U.S. 292, 299-302 (1991). Instead, in the limited circumstances where a subpoena may be challenged via a motion to quash (a criminal, not a civil, proceeding), a petitioner must "establish[] by concrete evidence that the subpoena was issued in bad faith or that it is for some other reason invalid." *Additional Jan. 1979 Grand Jury of Albany Supreme Court v. Doe*, 50 N.Y. 2d 14, 20 (1980) (internal quotation marks and citation omitted). At that point, a court, if it deems necessary, may ask a prosecutor for an *in camera* submission (consistent with grand jury secrecy) to test a claim of overbreadth, applying as it must the strong presumption of regularity that applies to all grand jury proceedings.[1]

Here, Plaintiff seeks an end run around this process, in a manner that is contrary to the Supreme Court's decision in this case. That opinion did not create a higher legal standard to be applied to a president's objections to a subpoena such as this, nor did it otherwise contemplate or endorse Plaintiff's novel discovery request. Instead, the Court remanded for Plaintiff to raise "further arguments as appropriate," *Trump v. Vance*, 591 U.S. ___, ___ (2020) (slip op. at 21) (hereinafter "Slip Op."), in a manner that provides him "the same protections available to every other citizen," *id.* at 19.

In assessing motions to quash, courts routinely reject attempts to obtain discovery regarding grand jury subpoenas based on unsupported allegations like those Plaintiff raises here. For example, in a similar case, a district court refused to allow a defendant discovery into grand jury subpoenas based on his claim of "improper purpose or motivation on the government's part." *United States v. Holzendorf*, 2011 WL 8948769, at *3 (M.D. Fla. Dec. 20, 2011), *report and recommendation adopted*, 2012 WL 3853579 (M.D. Fla. Sept. 4, 2012). Like Plaintiff here, the defendant had "not made any significant showing, much less a 'strong' one, to overcome the presumption of regularity in the grand jury proceedings"; instead, his "assertion of grand jury abuse [was] just that—an assertion," and therefore he was not entitled to discovery of grand jury materials. *Id.* at *3-4.

Likewise, the Second Circuit recently rejected unsupported arguments of overbreadth and bad faith by a party seeking to quash a grand jury subpoena. In *In re Grand Jury Proceeding*, the Second Circuit first affirmed the holding of the district court that a subpoena "was reasonable in scope." 961 F.3d 138, 151 (2d Cir. 2020). The court noted that a party seeking to quash a subpoena "bears the heavy burden," *id.* at 152, of showing that "there is no reasonable possibility that the category of materials the [g]overnment seeks will produce information relevant to the general subject of the grand jury's investigation," and held that the movant failed to meet that burden by simply claiming that the subpoena demanded more records than, in the movant's view, were relevant to the grand jury's investigation. *Id.* (quoting *R. Enters., Inc.*, 498 U.S. at 301). The court also rejected the movant's claim that the subpoena was "issued in bad faith or otherwise used for an improper purpose." *Id.* Noting that the burden fell on the movant to "present 'particularized proof' of an improper purpose to overcome the presumption of propriety of the grand jury subpoena," *id.* (quoting *United States v. Salameh*,

---

[1] For this reason, if Plaintiff indeed made a sufficient initial showing of overbreadth or bad faith, discovery would still be inappropriate; rather, the proper procedure would be for the Court to rely upon its previous *in camera* review of grand jury information (*i.e.*, the Shinerock Declaration). *See, e.g.*, *United States v. Raphael*, 786 F. Supp. 355, 359 (S.D.N.Y. 1992) (ordering the government to submit grand jury transcripts to the court for *in camera* review because of particularized evidence in the record suggesting government misconduct), *aff'd sub nom*, *United States v. Alegria*, 980 F.2d 830 (2d Cir. 1992).

2

152 F.3d 88, 109 (2d Cir. 1998)), the court held that his "speculative" arguments fell "well short of that mark," including because he alleged bias "without any support" and "fail[ed] to explain why the investigation's timeline was unreasonable or how it offers 'particularized proof' of bad faith," *id.*; *see also United States v. Ruiz*, 702 F. Supp. 1066, 1073 (S.D.N.Y. 1989) (ruling that "[d]efendant has not made the requisite showing to establish that discovery into the grand jury proceedings here is proper," because his "meritless" claims of "vindictiveness and bad faith prosecution" relied on "attenuated speculation about the motivations of the government"), *aff'd*, 894 F.2d 501 (2d Cir. 1990).[2]

For the reasons set forth above, Plaintiff's requests for discovery in this matter should be denied.

Respectfully submitted,

*s/ Carey R. Dunne*
Carey R. Dunne, *General Counsel*
New York County District Attorney's Office
Counsel for Defendant Vance

---

[2] In light of this precedent undermining Plaintiff's claim for discovery, and the lack of applicable caselaw supporting that claim, Plaintiff resorts to repeatedly citing *In re Grand Jury Proceedings*, 486 F.2d 85, 93 (3d Cir. 1973), and the so-called "Schofield" standard articulated in that outlier case. *See, e.g.*, Opp. Br. at 2, 21 n.7; August 10 Letter at 2, 3 n.*.  However, the Second Circuit, and most other courts, have explicitly rejected that standard. *In re Liberatore*, 574 F.2d 78, 83 (2d Cir. 1978) (it is "clear that the Schofield standards do not constitute the law in this circuit"); *see* Sara Sun Beale et al., *Grand Jury Law and Practice* § 6:23 (2d ed. Nov. 2019) ("The great majority of courts, federal and state, have expressly rejected the Third Circuit's Schofield procedure.").