UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. TRUMP,<br>                              Plaintiff,<br><br>                - against -<br><br>CYRUS R. VANCE, JR., in his official capacity as District Attorney of the County of New York;<br><br>and<br><br>MAZARS USA, LLP,<br>                              Defendants. | Case No. 1:19-cv-8694-VM |

**EMERGENCY MOTION FOR A STAY PENDING APPEAL, OR IN THE ALTERNATIVE, FOR A TEMPORARY ADMINISTRATIVE STAY**

President Donald J. Trump respectfully submits this emergency motion for a stay pending appeal and, as needed, an administrative stay of this Court's dismissal of his challenge to the subpoena that the District Attorney issued to Mazars for his private records. The District Attorney has agreed to stay enforcement for "seven calendar days after the date of a decision" by this Court. Doc 52. Thus, the President needs relief before then to preserve the opportunity for appellate review.[*]

**INTRODUCTION**

Earlier today, this Court granted the District Attorney's motion to dismiss the Second Amended Complaint. The President respectfully disagrees with that decision and believes there is a likelihood of reversal on appeal. But what matters most at this point is that, absent a stay, the subpoena will be enforced before the President has been afforded *any* appellate review of his overbreadth and bad-faith claims. Given the seriousness of this dispute, the status quo should be preserved so that the

---

[*] Given the need for emergency relief, the President is also seeking a stay pending appeal from the Second Circuit and the U.S. Supreme Court. The President will notify this Court immediately if those courts act on those requests.

1

Second Circuit and Supreme Court can hear the President's claims. Consideration for "the Presidency itself" requires at least that much. *Trump v. Hawaii*, 138 S. Ct. 2392, 2418 (2018).

## ARGUMENT

This Court has the power to issue stays and injunctions pending appeal. *See* Fed. R. App. P. 8. Interim equitable relief is warranted if there is "'(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). The President is entitled to relief under either standard.

### I.  The President will suffer irreparable harm without a stay pending appeal.

The Supreme Court remanded this case so that the President can make further arguments challenging the Mazars subpoena, and emphasized that "appellate review … should be particularly meticulous." *Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020). Absent a stay pending appeal, however, the President will be deprived of *any* appellate review. "Courts routinely issue injunctions to stay the status quo when" events might "moot the losing party's right to appeal." *John Doe Co. v. CFPB*, 235 F. Supp. 3d 194, 206 (D.D.C. 2017); *see Ctr. For Int'l Envtl. Law v. Office of U.S. Trade Rep.*, 240 F. Supp. 2d 21, 22-23 (D.D.C. 2003) (explaining that the movant makes "a strong showing of irreparable harm" where disclosure would moot any appeal); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309, (1989) (Marshall, J., in chambers) ("The fact that disclosure would moot that part of the Court of Appeals' decision requiring disclosure … create[s] an irreparable injury."). This case should be no exception.

This "irreparable" harm exists when a plaintiff challenges a subpoena to a third party. *U.S. Servicemen's Fund v. Eastland*, 488 F.2d 1252, 1256 (D.C. Cir. 1973), *aff'd in relevant part*, 421 U.S. 491, 501 n.14 (1975); *see Trump v. Mazars*, 140 S. Ct. 2019, 2035 (2020). As the Supreme Court has put it, "compliance by the third person could frustrate any judicial inquiry" into the subpoena's legality. *Eastland*, 421 U.S. at 501 n.14. Permitting this to happen would wrongly deny the plaintiff's rights and

"immunize [the] subpoena from challenge" based on "the fortuity that documents sought by [the] subpoena are not in the hands of a party claiming injury from the subpoena." *United States v. AT&T Co.*, 567 F.2d 121, 129 (D.C. Cir. 1977). Put simply, denying interim relief could "entirely destroy [plaintiffs'] rights to secure meaningful review." *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979). That is classic irreparable harm.

The Second Circuit recognized this irreparable harm when it grant an administrative stay in the previous appeal. That stay remained in place until the eve of argument when the parties reached an agreement to further stay enforcement, which is consistent with the recognition that the case-mooting harm the President will suffer is indeed irreparable. The Second Circuit's decision to implement a stay, in turn, was validated when the Supreme Court granted the President a stay of the mandate pending certiorari in the congressional subpoena cases, which involve the same threat of irreparable harm. *See Trump v. Mazars USA, LLP*, 140 S. Ct. 581 (2019); *Trump v. Deutsche Bank AG*, 140 S. Ct. 660 (2019). The President's harm from having appellate review denied is no less irreparable now than it was then.

Finally, enforcement will destroy confidentiality. That harm is "[c]learly … irreparable in nature." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 72 (D. Me. 1993). "Once the documents are surrendered," in other words, "confidentiality will be lost for all time. The status quo could never be restored." *Providence Journal*, 595 F.2d at 890; *see Metro. Life Ins. Co. v. Usery*, 426 F. Supp. 150, 172 (D.D.C. 1976). That is why the "disclosure of private, confidential information," even to the government, "'is the quintessential type of irreparable harm that cannot be compensated or undone by money damages.'" *Airbnb, Inc. v. City of New York*, 373 F. Supp. 3d 467, 499 (S.D.N.Y. 2019) (quoting *Hirschfeld v. Stone*, 193 F.R.D. 175, 187 (S.D.N.Y. 2000)).

**II.     Even if this Court believes that the President will not prevail on appeal, a stay should be granted because the President raises serious questions and the balance of hardships tips decidedly in his favor.**

For the reasons set forth in his opposition to the motion to dismiss and pre-motion discovery letter, the President respectfully disagrees with the district court's holding that the Second Amended Complaint should be dismissed. But even though this Court does not agree, a stay is warranted. The President's claims—both of which implicate Article II responsibilities—present "sufficiently serious questions … to make them fair ground for litigation." *Citigroup*, 598 F.3d at 35. Together with the balance of the hardships, the seriousness of the Plaintiff's claims tips the scales "decidedly" in favor of temporary interim relief. *Id.*

*Eastland* is analogous. There, a congressional committee subpoenaed the plaintiff's bank for "records pertaining to or involving the [plaintiff's] account or accounts." 488 F.2d at 1254. The plaintiff sued the bank and several congressional defendants for a declaration that the subpoena was unenforceable and for an injunction prohibiting the defendants from enforcing or complying with it. *Id.* at 1254-56. When the district court denied a TRO, the D.C. Circuit reversed and stayed the subpoena's enforcement. *See id.* at 1256. The "decisive element" favoring a stay, the D.C. Circuit explained, was that "unless a stay is granted this case will be mooted, and there is likelihood, that irreparable harm will be suffered by [plaintiff when the subpoena's due date arrives]." *Id.*

The D.C. Circuit added that the stay was warranted because the dispute raised "serious constitutional questions" that "require more time" and raised issues "of such significance that they require" further "consideration and deliberation." *Id.* When the district court then denied a preliminary injunction on remand, the D.C. Circuit reversed again and entered another stay to preserve the status quo. *See id.* at 1257. The D.C. Circuit reiterated that the district court needed to fully consider the merits of plaintiff's claims on final judgment to "ensure" that the case "is determined with the best available perspective, both as to the underlying evidence and the appraisal thereof by the District Judge." *Id.* at 1257.

This Court should follow *Eastland*. Here too, the President faces "irreparable harm" if he does not receive interim relief. *Id.* at 1256. And here too, the President raises "serious constitutional questions" that should be resolved following full merits briefing, oral argument, and this Court's "best available perspective" after thoughtful "consideration and deliberation." *Id.* at 1256-57. Hence, the fact that the President will suffer irreparable harm if the subpoena is not stayed and Mazars reveals his information should be "decisive." *Eastland*, 488 F.2d at 1257.

Also like *Eastland*, the balance of harms in this case tips decidedly in favor of a preliminary injunction. A stay will cause only negligible harm to the District Attorney. A stay will not affect whether the grand jury gets the subpoenaed documents: If the District Attorney wins this case, he will get the documents; and if he loses, he was never entitled to the documents anyway. Accordingly, his only injury is the time delay between receiving the documents now versus receiving the documents later—a non-irreparable injury that is far outweighed by the harm that disclosure would cause the President. *See Araneta v. United States*, 478 U.S. 1301, 1304-05 (1986) (Burger, C.J., in chambers) (granting a stay despite the public's "strong interest in moving forward expeditiously with a grand jury investigation" because "the risk of injury to the applicants could well be irreparable and the injury to the Government will likely be no more than the inconvenience of delay").

The District Attorney's "interest in receiving this information immediately" thus "poses no threat of irreparable harm [to him]." *John Doe*, 488 U.S. at 1309 (Marshall, J., in chambers)); *EPIC v. DOJ*, 15 F. Supp. 3d 32, 47 (D.D.C. 2014) (explaining that "desire to have [the documents] in an expedited fashion without more is insufficient to constitute irreparable harm"); *see also Providence Journal*, 595 F.2d at 890; *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 514 F. Supp. 2d 7, 11 (D.D.C. 2007); *Fund for Animals v. Norton*, 281 F. Supp. 2d 209, 222 (D.D.C. 2003); *22nd Avenue Station, Inc. v. City of Minneapolis*, 429 F. Supp. 2d 1144, 1152 (D. Minn. 2006); *Inchcape Shipping Services Holdings Ltd. v. United States*, 2014 WL 12838793, at *3 (Fed. Cl. 2014). Indeed, having voluntarily delayed enforcement for

*nearly a year*, the District Attorney should not be heard to complain about any additional delay resulting from appellate review.

Last, the public interest weighs strongly in favor of preserving the status quo. The District Attorney simply "does not have an interest" in issuing a wildly overbroad and harassing subpoena to the President, *Amarin Pharma, Inc. v. FDA*, 119 F. Supp. 3d 196, 237 (S.D.N.Y. 2015), and allowing the District Attorney to evade appellate review is not in the public interest. "Although … the public has an interest in ensuring that the [government] can exercise its authority," "Defendants offer no persuasive argument that there is an immediate public interest in enforcing … [now] rather than after a full hearing." *Cigar Ass'n of Am. v. FDA*, 317 F. Supp. 3d 555, 563 (D.D.C. 2018). In sum, the factors governing a plaintiff's entitlement to preliminary relief all strongly favor the President.

## CONCLUSION

For these reasons, the Court should grant the motion for a stay pending appeal. The President respectfully requests the stay remain in effect until the President's appeal is resolved, and for one week afterward. Even if the Court does not grant the motion for stay, it should grant an administrative stay, as needed, to protect the Second Circuit's ability to consider the President's motion.

| | |
|---|---|
| August 20, 2020 | Respectfully submitted, |
| Marc L. Mukasey<br>MUKASEY FRENCHMAN & SKLAROFF LLP<br>Two Grand Central Tower<br>140 East 45th Street, 17th Floor<br>New York, New York 10177<br>(212) 466-6400<br>marc.mukasey@mukaseylaw.com<br><br>Alan S. Futerfas<br>Law Offices of Alan S. Futerfas<br>565 Fifth Ave., 7th Floor<br>New York, NY 10017<br>(212) 684-8400<br>asfuterfas@futerfaslaw.com | *s/ William S. Consovoy*<br>William S. Consovoy<br>Cameron T. Norris<br>Alexa R. Baltes<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste. 700<br>Arlington, VA 22209<br>(703) 243-9423<br>will@consovoymccarthy.com<br>cam@consovoymccarthy.com<br><br>Patrick Strawbridge<br>CONSOVOY MCCARTHY PLLC<br>Ten Post Office Square<br>8th Floor South PMB #706<br>Boston, MA 02109<br>patrick@consovoymccarthy.com |

*Counsel for President Donald J. Trump*