USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
DONALD J. TRUMP,                        :
                                        :
                    Plaintiff,          :
                                        :   19 Civ. 8694 (VM)
     - against -                        :
                                        :   DECISION AND ORDER
                                        :
CYRUS R. VANCE, JR., in his official    :
capacity as District Attorney of the    :
County of New York, and                 :
MAZARS USA, LLP,                        :
                                        :
                    Defendants.         :
---------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Donald J. Trump (the "President") filed this action seeking to enjoin enforcement of a grand jury subpoena (the "Mazars Subpoena") issued by Cyrus R. Vance, Jr., in his official capacity as the District Attorney of the County of New York (the "District Attorney"), to the accounting firm Mazars USA, LLP ("Mazars"). (See "Complaint," Dkt. No. 1; "Amended Complaint," Dkt. No. 27; "SAC," Dkt. No. 57.) On October 7, 2019, the Court issued an Order dismissing the Amended Complaint pursuant to the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971). Trump v. Vance, 395 F. Supp. 283 (S.D.N.Y. 2019) ("October 7 Decision"). The Court also held, in the alternative, that "the President ha[d] not satisfied his burden of showing entitlement to the 'extraordinary and drastic remedy' of injunctive relief." Id.

at 303 (quoting Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007)). Specifically, the Court rejected the President's claim of absolute immunity from criminal process while in office, and also found that the President had failed to show irreparable harm, such that injunctive relief was not warranted. Id. at 300-01.

Following appeal, the case returned to this Court on remand. The President filed the SAC, stating two claims: that the Mazars Subpoena was overbroad and that it was issued in bad faith. By Order dated August 20, 2020, the Court granted the District Attorney's motion to dismiss the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and denied the President's request for discovery as moot. Trump v. Vance, No. 19 Civ. 8694, 2020 WL 4861980, at *33 (S.D.N.Y. Aug. 20, 2020) ("August 20 Decision"). The President has now filed an emergency appeal with the United States Court of Appeals for the Second Circuit (see Dkt. No. 73) and an emergency motion for a stay pending appeal or, in the alternative, for a temporary administrative stay. (See "Motion," Dkt. No. 74.)[1]

---

[1] In his Motion, the President indicated his intent to also seek a stay pending appeal from both the Second Circuit and the United States Supreme Court. (Id. at 1 n.*.) Furthermore, the President notes that the District Attorney has agreed to stay enforcement for seven calendar days after the date of a decision by this Court. (Id. at 1.) In the event the Second Circuit or the Supreme Court grants a stay within seven calendar days of the Court's August 20 Decision, the instant Order would, of course, be

2

The legal standard for seeking a stay pending appeal is similar to that of a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 37 (2d Cir. 2010). The movant must show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 192 (2d Cir. 2004) (internal quotation marks omitted). As in preliminary injunction cases, "[t]he showing of irreparable harm is perhaps the single most important prerequisite." Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotation marks and alteration omitted). To demonstrate irreparable harm, the movant must show "an injury that is neither remote nor speculative, but actual and imminent and [that] cannot be remedied by an award of monetary damages." Estee Lauder Cos. v. Batra, 430 F. Supp. 2d 158, 174 (S.D.N.Y. 2006) (internal quotation marks omitted). Furthermore, "unlike a motion to dismiss, the Court need not accept as

---

without force. Nevertheless, and in case neither appellate court sees fit to grant a stay, the Court issues this Order to provide its views on whether a stay is warranted.

true the well-pleaded allegations in Plaintiff['s] complaint." Victorio v. Sammy's Fishbox Realty Co., No. 14 Civ. 8678, 2014 WL 7180220, at *4 (S.D.N.Y. Dec. 12, 2014) (citing Incantalupo v. Lawrence Union Free Sch. Dist. No. 15, 652 F. Supp. 2d 314, 317 n.1 (E.D.N.Y. 2009)).

In his Motion, the President argues that the seriousness of this dispute requires that the status quo be preserved pending appellate review. He contends that he will suffer irreparable harm without a stay, including through being denied appellate review and through the potential disclosure of his documents to the District Attorney and the grand jury. The President further argues that his claims present sufficiently serious questions to make them "fair ground for litigation," and that the balance of the hardships tilts in his favor.

The Court will deny the Motion for substantially the same reasons it denied the President's request for injunctive relief in the October 7 Order. Indeed, in that Order the Court thoroughly addressed and rejected the President's claim that disclosure of his financial records to the District Attorney would cause him irreparable harm. The President now relies on largely the same cases, but as the Court explained in its October 7 Order, these cases do not pertain to ongoing criminal investigations, let alone investigations by grand

4

juries who are sworn to secrecy. (See, e.g., Motion at 3 (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68 (D. Me. 1993) (disclosure of plaintiff's business records to competitor by a former employee); Providence Journal Co. v. Fed. Bureau of Investigation, 595 F.2d 889 (1st Cir. 1979) (disclosure of FBI documents to plaintiff); Metro. Life Ins. Co. v. Usery, 426 F. Supp. 150 (D.D.C. 1976) (disclosure -- to a chapter of the National Organization for Women -- of certain forms and plans submitted by insurance companies to federal offices); Airbnb, Inc. v. City of New York, 373 F. Supp. 3d 467 (S.D.N.Y. 2019) (disclosure of data regarding businesses' customers to Mayor's Office).) Because a grand jury is under a legal obligation to keep the confidentiality of its records, the Court finds that no irreparable harm will ensue from the disclosure to it of the President's records sought here. See, e.g., People v. Fetcho, 698 N.E.2d 935, 938 (N.Y. 1998); People v. Bonelli, 945 N.Y.S.2d 539, 541 (N.Y. Sup. Ct. 2012).

As for the President's claim that injunctive relief is required to preserve appellate review, the Court finds this argument entirely unpersuasive. The President claims that without a stay, he "will be deprived of *any* appellate review" (Motion at 2), ignoring the fact that he has, in fact, already sought relief from every level of our federal judicial system,

5

and that relief was denied at every turn. While the Supreme Court did quote United States v. Nixon, 418 U.S. 683, 702 (1974), for the proposition that "appellate review . . . should be particularly meticulous," the Court was speaking generally about the lack of any heightened need standard in presidential challenges to subpoenas; the Court was not referring to a predicted appeal of this particular case. Trump v. Vance, 140 S. Ct. at 2430. There is no sign that the Supreme Court contemplated any further appellate proceedings, and in fact appeared to agree with the Second Circuit that the case should be remanded back to the District Court. Furthermore, for all the reasons explained in its August 20 Decision, the Court is not persuaded that appellate review would be successful in any event. This argument cannot suffice to show irreparable harm.

The President also argues more generally that courts routinely enter injunctions to stay the status quo when an order "would otherwise allow the prevailing party to engage in actions that would moot the losing party's right to appeal." John Doe Co. v. Consumer Fin. Prot. Bureau, 235 F. Supp. 3d 194, 206 (D.D.C. 2017). But the rights at issue here must be seen in the context of this dispute. As discussed above, a grand jury is under a legal obligation to keep its records confidential. There is no risk, as there was in John

6

Doe Co., that "neither this Court nor the Court of Appeals could un-ring the bell," or that "significant portions" of the President's "sought-after remedy would become moot." Id. Unlawful grand jury disclosure is a felony under New York law. N.Y. Penal Law Ann. § 215.70 (McKinney 2019). Thus, unlike in the cases cited by the President, denying the request will not moot an appeal by causing the public disclosure of any information or documents. E.g., Center for Int'l Envtl. Law v. Office of U.S. Trade Rep., 240 F. Supp. 2d 21, 22-23 (D.D.C. 2003) (noting that once the documents were disclosed, "confidentiality will be lost for all time" (quoting Providence Journal Co. v. FBI, 595 F.2d 889, 890 (1st Cir. 1979)).[2]

Similarly, the President appears to argue that irreparable harm exists simply because the District Attorney issued the subpoena to a third party, Mazars, because Mazars could comply with the subpoena and thus "frustrate any judicial inquiry." (Motion at 2 (quoting Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 501 n.14 (1975)).) But Mazars

---

[2] The President's citation to John Doe Agency v. John Doe Corp., 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers), is inapposite. There, the Supreme Court prevented the disclosure of a document in part because its disclosure would "pose[] a substantial risk of jeopardizing an important ongoing grand jury investigation." Id. at 1308. The risk here is essentially the opposite: preventing Mazars' production of the documents would further obstruct a grand jury investigation that has already been delayed by this litigation for almost one year.

7

has entered an appearance here and all parties agree that the President is the true party in interest, meaning "either may resist enforcement." Trump v. Vance, 941 F.3d 631, 642 n.15 (2d Cir. 2019). The Court does not understand the President to suggest that Mazars is any more or less likely to comply with a court order than he is, and so the fact that the subpoena was addressed to Mazars instead of the President is immaterial and cannot suffice to show irreparable harm.

Thus, nothing in the Motion alters the conclusion the Court reached in its October 7 Order: The President has not demonstrated that he will suffer irreparable harm. Because the President has not made this necessary showing, the Court need not address the remaining factors governing entitlement to injunctive relief. Nevertheless, the Court notes that its views remain unchanged with respect to the President's likelihood of success on the merits (or whether he has demonstrated sufficiently serious questions going to the merits and a balance of hardships tipping in his favor), particularly given the concerns addressed in the August 20 Decision regarding the effect of further delay on the grand jury's investigation. See Trump v. Vance, 2020 WL 4861980, at *31-32.

Accordingly, it is hereby

**ORDERED** that the motion for a stay pending appeal filed by plaintiff Donald J. Trump (Dkt. No. 74) is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         21 August 2020

_____
Victor Marrero
U.S.D.J.